UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HADSELL,<br><br>Plaintiff,<br><br>v.<br><br>BARRY BASKIN, et al.,<br><br>Defendants. | Case No. 4:18-cv-00293-KAW<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO AWARD SERVICE EXPENSES AGAINST CATHERINE ISHAM AND THE CONTRA COSTA COUNTY DEFENDANTS**<br><br>Re: Dkt. Nos. 57, 59 |

On April 24, 2018 and April 25, 2018, Plaintiff Christopher Hadsell filed motions to award service expenses against Catherine Isham and the Contra Costa County Defendants on the grounds that they failed to waive service. (Pl.'s Isham Mot., Dkt. No. 57; Pl.'s County Defs. Mot., Dkt. No. 59.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES the motions to award costs.

## I. BACKGROUND

Plaintiff Christopher Hadsell filed this lawsuit against 22 defendants alleging various civil rights violations arising from his state court divorce proceedings. (*See* First Am. Compl., "FAC," Dkt. No. 45 ¶¶ 1-2.) Essentially, Plaintiff alleges that the judges, court staff, County employees, and his ex-wife were "conspiring" to defraud him and violate his civil rights. *Id.*

Among those sued are Plaintiff's ex-wife Catherine Isham, and Mary Lindelof, Melinda Self, and G. Boyd Tarin, who participated in the state court proceedings in the scope of their employment with the Contra Costa County Department of Child Support Services ("DCSS") (collectively "County Defendants"). (FAC ¶¶ 6(E, I, K, P, R).)

On April 24, 2018, Plaintiff filed a motion against Ms. Isham to recover the costs associated with her failure to waive service of the summons, which required that he effect personal service of the complaint pursuant to Federal Rule of Civil Procedure 4(e)(2)(A). (Pl.'s Isham Mot., Dkt. No. 57 at 4-5.) He sent hear a letter seeking reimbursement of the $95.49 incurred in effecting service, but she never responded nor made payment. *Id.* at 5. Now, Plaintiff seeks the $95.49 for personal service, and claims that the reasonable expenses incurred in making this motion are $1,000. *Id.* On May 8, 2018, Ms. Isham filed an opposition. (Isham Opp'n, Dkt. No. 67-1.) On May 15, 2018, Plaintiff filed a reply. (Pl.'s Isham Reply, Dkt. No. 75.)

On April 25, 2018, Plaintiff filed a motion against the County Defendants to recover the costs associated with their failure to waive service of the summons in response to an email sent on January 18, 2018, which required that he effect personal service of the complaint pursuant to Federal Rule of Civil Procedure 4(e)(2)(A). (Pl.'s County Defs. Mot., Dkt. No. 59 at 6; Decl. of Christopher Hadsell, "County Hadsell Decl.," Dkt. No. 59 ¶ 3.) Thereafter, he sent a letter seeking reimbursement of the $448.80 incurred in effecting service, but they never responded nor made payment. *Id.* at 7. Now, Plaintiff seeks reimbursement for the costs incurred for personal service, and claims that the reasonable expenses incurred in making this motion are $1,000. *Id.* On May 9, 2018, the County Defendants filed an opposition. (County Defs.' Opp'n, Dkt. No. 69.) On May 16, 2018, Plaintiff filed a reply, in which he reduced the amount of the service costs incurred to $310.45. (Pl.'s County Defs. Reply, Dkt. No. 76 at 3.)

## II. DISCUSSION

As an initial matter, Plaintiff is representing himself, so he is not entitled to recover reasonable attorneys' fees incurred in making the motion. Thus, his request for $1000.00 in expenses incurred in making these two motions is DENIED, and the only issue is whether he can recover the costs of personal service.

### A. Catherine Isham

Plaintiff seeks to recover the $95.49 incurred to effect personal service after his ex-wife failed to waive service. "Rule 4 requires a defendant to pay reasonable attorney's fees if the defendant refuses to sign and return a waiver of service requested by plaintiff without good cause

and the plaintiff files a motion to collect any service-related expenses." *Rollin v. Cook*, 466 F. App'x 665, 667 (9th Cir. 2012)(citing Fed. R. Civ. P. 4(d)(2)). Generally, "[i]t is not good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction." *Estate of Darulis v. Garate*, 401 F.3d 1060, 1064 (9th Cir. 2005)(quoting Fed. R. Civ. P. 4(d)(2) Advisory Committee note on 1993 Amendment).

The Advisory Committee note on the 1993 Amendment of Rule 4, however, also provides that:

> The aims of the provision are to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel. The rule operates to impose upon the defendant those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed. This device is useful in dealing with defendants who are furtive, who reside in places not easily reached by process servers, or who are outside the United States and can be served only at substantial and unnecessary expense.

Fed. R. Civ. P. 4(d)(2) Advisory Committee note on 1993 Amendment). Here, Ms. Isham is representing herself, and has limited legal understanding of federal court procedure, and believed it to be similar to state court, where fees and costs are awarded after a matter is resolved. (Isham Opp'n at 2.) Furthermore, the Court finds that this lawsuit is simply a vehicle used by Plaintiff to harass his ex-wife, while denying her court-ordered support. Thus, it is unreasonable to expect Ms. Isham, who is proceeding pro se and has a limited understanding of federal court procedure, to cooperate with Plaintiff given his proclivity to use the courts for an improper purpose. Lastly, the undersigned notes that the costs incurred in personally serving Ms. Isham were minimal, because she was not evading service of process. Thus, the aims of the cost-shifting provision are not satisfied, and, instead, in this instance, it would be a profound injustice to require her to pay the costs associated with effecting personal service when one of the purposes of this lawsuit is to harass her.

Accordingly, the Court finds that Ms. Isham has demonstrated good cause for failing to waive service, and denies Plaintiff's motion to award the $95.49 in costs incurred in serving her personally.

///

**B. County Defendants**

In his reply, Plaintiff reduced the requested recovery of costs incurred in effecting personal service on the County Defendants to $310.45, as he recognizes that DCSS is a county agency that is not required to waive service. (Pl.'s County Defs. Reply at 3.) Indeed, the Advisory Committee note on the 1993 Amendment explicitly states that the Rule 4(d) is not meant to apply to governmental entities, including municipalities for the practical reason that their mail facilities may be inadequate, and that they "should not be confronted with the potential for bearing costs of service in cases in which they ultimately prevail." Fed. R. Civ. P. 4(d)(2) Advisory Committee Note on 1993 Amendment. Here, the individual county employees are being sued for conduct taken in the course of their employment. In fact, they were personally served on County property. (*See* County Defs.' Opp'n at 4.) Thus, it could be argued that they should also be exempt from the waiver requirement, since they would presumably suffer from the same mail issues as their agency employer.

Notwithstanding, Plaintiff's declaration does not adequately support the contention that he sent a valid waiver form to the individual defendants by either first-class mail or other reliable means, as required by Rule 4(d)(1)(G). Rather, it states only that he emailed the Contra Costa County Defendants, and that they failed to waive service of summons. (County Hadsell Decl. ¶¶ 3-4.) It does not provide their email addresses or a copy of the email that he sent. *See id.* There is also no indication that Plaintiff sent the waiver via first-class mail. Indeed, Ms. Self does not recall ever receiving a waiver form, and, if she had, she would have forwarded it to the County Counsel. (Decl. of Melinda Self, Dkt. No. 69 at 19 ¶ 4.) Thus, Plaintiff has not met his burden of showing that he properly requested that the individual defendants waive service.

Accordingly, Plaintiff is not entitled to recover the cost of service from the any of the County Defendants, and the motion is denied.

///

///

///

///

4

### III. CONCLUSION

In light of the foregoing, the Court DENIES Plaintiffs' motions to award service expenses against Catherine Isham and the Contra Costa County Defendants.

IT IS SO ORDERED.

Dated: July 3, 2018

KANDIS A. WESTMORE
United States Magistrate Judge