UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HADSELL,<br>Plaintiff,<br>v.<br>BARRY BASKIN, et al.,<br>Defendants. | Case No. 4:18-cv-00293-KAW<br>**ORDER DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS AGAINST DEFENDANT WAPNICK**<br>Re: Dkt. No. 90 |

On July 17, 2018, Plaintiff Christopher Hadsell filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 against Defendant Tracey Wapnick and her attorneys and law firm. (Pl.'s Mot., Dkt. No. 90.) The motion for sanctions is based on Defendant's motion to dismiss the first amended complaint, which sought to strike certain allegations in Plaintiff's first amended complaint. (Pl.'s Mot. at 1.) Defendant's motion—along with the five other motions to dismiss the first amended complaint—was granted without leave to amend on July 3, 2018, on the grounds that the *Rooker-Feldman* doctrine divested the Court of subject matter jurisdiction. (Dkt. No. 87.) Judgment was entered against Plaintiff. (Dkt. No. 89.)

Now, Plaintiff is seeking to impose sanctions on the grounds that the undersigned did not address the portion of Defendant's motion to dismiss that sought to strike certain allegations in the first amended complaint. (Pl.'s Mot. at 4.) Generally, sanctions under Rule 11 are not awarded after judgment is entered, because the nonmoving party is deprived of the safe harbor period. *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1152 (9th Cir. 2002) (citing *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998). Plaintiff argues that Defendant received notice when he filed a notice of his intention to seek sanctions on the public docket on May 2, 2018. (Pl.'s Mot. at 4; *see* Dkt. No. 63.) This is not proper notice under Rule 11, which requires that "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court

1  if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately

2  corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P.

3  11(c)(2). Thus, Plaintiff needed to serve Defendant and her counsel with a copy of the instant

4  motion, which differs from the notice filed on May 2, 2018, before it was filed. This was not done.

5  Even if Plaintiff did properly serve a motion for sanctions under Rule 11 prior to formally

6  filing the motion, the undersigned maintains the discretion to award "the prevailing party the

7  reasonable expenses, including attorney's fees, incurred for the motion." *Id.* Here, unlike *Truesdell*

8  and *Barber*, Plaintiff was the source of the frivolous pleadings, so the Court is disinclined to

9  impose an award of sanctions against any of the defendants in this case.

10  Moreover, that Defendant made arguments in a motion to dismiss, which was granted on

11  other grounds, does not give rise to sanctionable conduct. Even if it did, Plaintiff is not entitled to

12  recover attorney's fees for his time spent on the motion for sanctions, because he is representing

13  himself and he is not an attorney. Despite Plaintiff's protestations to the contrary, the undersigned

14  need not provide a "foundation, underlying logic, or reasoning" in support of that fact. (*See* Pl.'s

15  Mot. at 5.) Notwithstanding, the United States Supreme Court has found "that a *pro se* litigant

16  who is *not* a lawyer is *not* entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 435 (1991)

17  (emphasis in original) (citations omitted). Similarly, lawyers who represent themselves are also

18  not entitled to an award of attorney's fees. *Id.* at 437.

19  For the reasons set forth above, Plaintiff's motion for sanctions is DENIED. Plaintiff is

20  advised that any future motions for sanctions will be viewed as being made in bad faith, and the

21  Court may impose sanctions on him *sua sponte*.

22  IT IS SO ORDERED.

23  Dated: August 2, 2018

KANDIS A. WESTMORE
United States Magistrate Judge

2